# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM JEFFREY BURNETT, JOE H CAMP, <br><br> Plaintiffs, <br><br> v. <br><br> CNO INSURANCE COMPANY n/k/a Wilco Life Ins. Co, CNO FINANCIAL GROUP, INC., CNO SERVICES LLC, <br><br> Defendants. | CASE NO. 1:18-cv-00200-JPH-DML |

## CNO DEFENDANTS' MEMORANDUM IN SUPPORT OF SEALING CONFIDENTIAL DOCUMENTS FILED IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Steven K. Huffer
SK Huffer & Associates PC
12821 East New Market Street
Suite 250
Carmel, IN 46032
Telephone: (317) 564-4807
Facsimile: (317) 564-4812
steveh@hufferlaw.com

Samuel J. Park (admitted *pro hac vice*)
ALSTON & BIRD LLP
333 South Hope Street 16th Floor
Los Angeles, CA 90071-3004
Telephone: (213) 576-2687
Facsimile: (213) 576-1100
Samuel.Park@alston.com

Adam J. Kaiser (admitted *pro hac vice*)
ALSTON & BIRD LLP
90 Park Ave
New York, NY 10016-1387
Telephone: (212) 210-9400
Facsimile: (212) 210-9444
Adam.Kaiser@alston.com

Kristin A. Shepard (admitted pro hac vice)
ALSTON & BIRD LLP
950 F Street, NW
Washington, DC 20004
Telephone: 202-239-3277
Facsimile: (202) 239-3333
kristin.shepard@alston.com

Pursuant to S.D. Ind. L.R. 5-11(e), Defendants CNO Financial Group, Inc. and CNO Services LLC ("Defendants") respectfully submit this Memorandum of Law in support of Plaintiffs' Motion to File an unredacted version of Plaintiff's Memorandum in Support of Plaintiff's Motion for Class Certification (the "Motion") and certain exhibits (the "Designated Materials") to the Declaration of Shelli L. Calland in Support of Plaintiff's Motion for Class Certification ("Calland Certification") under seal.

Defendants seek to maintain the Designated Materials set forth in Exhibits 13, 15, 20, 27-29, 32-35, 37-42, 44, and 45 [Dkt. 233-9, 233-10, 233-11, 233-12, 233-13, 233-14, 233-15, 233-16, 233-17, 233-18, 233-19, 233-20, 233-21, 233-22, 233-23, 233-24, 233-25, 233-26] under seal pursuant to the Stipulation and Order for the Protection and Exchange of Confidential Information ("Stipulation and Order") entered in the LifeTrend MDL in 2013. [Dkt. 236-1]. As detailed below, the Designated Materials contain proprietary, trade secret, commercially sensitive information – including but not limited to documents produced to Defendants' regulators in the course of a market conduct examination and expressly exempted from public disclosure – designated as "Confidential" under the Stipulation and Order. Defendants therefore request that the Court place the unredacted versions of the Motion and the Designated Materials under seal and file copies of the Motion and Designated Materials containing redactions of all confidential information referenced therein. Defendants do not oppose public filing of Exhibits 5-11. [Dkt. 233-1 through 233-7]. In addition, Exhibit 12 [Dkt. 233-8] may be filed in redacted form to omit policyholder identifying information; a proposed redacted version is attached hereto as **Exhibit A**.

## LEGAL STANDARD

The United States Court of Appeals for the Seventh Circuit authorizes this Court to seal any part of the record in an action for good cause shown. *Citizens First Nat. Bank of Princeton v.*

*Cincinnati Ins. Co*, 178 F.3d 943, 944 (7th Cir. 1999). The Seventh Circuit acknowledges that a court may find "good cause" to justify sealing where the document contains trade secrets or other commercially sensitive information. *See KM Enter., Inc. v. Global Traffic Techs., Inc.*, 725 F.3d 718, 734 (7th Cir. 2013) (granting motion to seal documents containing sensitive, confidential pricing information).[1] Under Fed. R. Civ. P. 26(c)(1)(G), a court may under an order "requiring that a trade secret or other confidential research, development, or commercial information not to be revealed or be revealed only in a specific way." Fed. R. Civ. P. 26(c)(1)(G). Documents created with considerable time and effort are deemed to possess economic value and, if intended and used solely for internal business purposes, are typically considered confidential and proprietary. *Hamilton v. State Farm Mut. Auto. Ins. Co.*, 204 F.R.D. 420, 423 (S.D. Ind. 2001).[2]

## ARGUMENT

Good cause exists to maintain the unredacted Motion and Designated Materials under seal because each of the documents contains expansive references to and discussions of confidential, commercially sensitive matters. Further, pursuant to S.D. Ind. L. R. 5-11(e)(3), Plaintiffs do not oppose maintaining the Designated Materials under seal. [*See* Dkt. 236].

**I.   Documents Provided to or Reflecting Communications or Agreements with State Regulators as Part of a Market Conduct Examination (Exhibits 29, 37, 41, 42, & 44) Should Remain Sealed.**

Exhibits 29, 37, 41, 42, and 44 are a collection of documents that Defendants provided to state insurance regulators and reflecting Defendants' communications and agreements with state

---

[1] *See also Baxter Intern., Inc. v. Abbott Labs.*, 297 F.3d 544, 546-47 (7th Cir. 2002) (trade secret information "is entitled to be kept secret"); *Citizens First Nat'l Bank,* 178 F.3d at 945.

[2] *See also N. Electric Co. Inc. v. Torma*, 819 N.E.2d 417, 425-26 (Ind. App. 2004) (information may constitute a trade secret if considerable time is invested in compiling and organizing the information from various sources, even if this information may in some way be available in the public domain); *Amoco Prod. Co. v. Laird*, 622 N.E.2d 912, 919-20 (Ind. 1993) (where the acquisition of alleged trade secret information requires a substantial time, expense, or effort, the information is not readily ascertainable).

insurance regulators as part of a multistate market conduct examination. [*See* Dkt. 233-14, 233-19, 233-23, 233-24, 233-25]. These documents should be maintained under seal because they are protected from public disclosure pursuant to IND. CODE ANN. §27-1-3.1-15. Indeed, this Court has held that a statutory provision protecting information from public disclosure provides "good cause" for maintaining that information under seal. *Baxter Int'l*, 297 F.3d at 545; *Mimms v. CVS Pharm.*, 2016 U.S. Dist. LEXIS 201746, at *4 (S.D. Ind. July 14, 2016). Here, IND. CODE ANN. §27-1-3.1-15(a) states:

> All working papers, recorded information, documents, and copies thereof produced by, obtained by, or disclosed to the [insurance] commissioner or any other person in the course of an examination under this chapter …: are confidential and privileged … [and] may not be made public by the commissioner or any other person, except to the extent provided in section 14 of this chapter.

*See also* National Association of Insurance Commissioners ("NAIC") Model Law 693(7)(A) (governing confidentiality of market conduct examination materials); FLA. STAT. ANN. § 624.319 (LexisNexis 2020). Hence, these documents are presumptively exempted from disclosure under federal and state freedom of information laws.

Here, the subject Exhibits are copies of documents disclosed to and reflecting communications or agreements with state insurance regulators as part of a market conduct examination that fall under this statute. As such, they must not be made public by the "commissioner or any other person"—which includes the Court. This Court has previously grappled with this issue in *Maple Creek Commons Homeowners Ass'n v. State Farm Fire & Cas. Co.*, 2012 U.S. Dist. LEXIS 909 (S.D. Ind. Jan. 4, 2012), where Defendant objected to a Motion to Compel a report that had been previously given to the Indiana Department of Insurance as part of an investigation. There, the Court noted that, while the statute did not limit the Court's authority to order production of the document, it did protect the document from being made public. *See*

3

*Maple Creek*, 2012 U.S. Dist. LEXIS 909, at *7. In so finding, the Court assured Defendant that the report would not be "exposed to the general view" because it would be protected under the parties' previously issued protective order. In the same way, this Court must protect these Exhibits from being "exposed to the general view" by maintaining them under seal. Accordingly, Defendants request that this Court maintain Exhibits 29, 37, 41, 42, and 44 under seal. [*See* Dkt. 233-14, 233-19, 233-23, 233-24, 233-25].

## II.  Actuarial Memoranda (Exhibits 27 & 28) Should Remain Sealed.

Exhibits 27 and 28 represent actuarial memoranda, with Exhibit 27 prepared by Michael W. Farley for the year 2008 and Exhibit 28 prepared by James S. Hawke for the year 2007. (the "Actuarial Memoranda"). [*See* Dkt. 233-12, 233-13]. These memoranda are required by law and "are intended for the exclusive use of state insurance regulators and the management of Conseco Life Insurance Company." Both bear the heading "***Confidentiality Requested***" (emphasis original), and assess the asset adequacy and financial reserves of Conseco Life Insurance Company's business. As such, the documents are Confidential and not subject to public disclosure. *See* NAIC Model Law MDL 390-1, § 5(a) (providing for confidentiality of financial examination materials: "documents, materials or other information, including, but not limited to, all working papers, and copies thereof, created, produced or obtained by or disclosed to the commissioner or any other person in the course of an examination made under this Act, or in the course of analysis by the commissioner of the financial condition or market conduct of a company shall be confidential by law and privileged, [and] shall not be subject to [freedom of information laws]"); IND. CODE ANN. § 27-1-3.1-15 (providing for confidentiality and protection from public disclosure of all "information, documents, and copies thereof … obtained by, or disclosed to the commissioner or any other person in the course of an examination under this chapter"). As noted

4

above, a statutory provision protecting information from public disclosure provides "good cause" for maintaining that information under seal. *Baxter Int'l*, 297 F.3d at 545; *Mimms*, 2016 U.S. Dist. LEXIS 201746, at *4.

The Actuarial Memoranda should be maintained under seal because they contain a plethora of confidential information that should be protected from public disclosure. Specifically, the memoranda contain proprietary information regarding: (1) company operations; (2) company assets and risks; (3) details of company contracts; (4) company investments; (5) financial models and projections; and (6) other financial information including net gains and operating income. [*See* Dkt. 233-12 & 233-13]. As previously stated, sensitive financial information may be considered a trade secret; specifically, profit and loss data and other financial records not normally made known to the public may be properly filed under seal. *See Formax Inc. v. Alkar RapidPak-MP Equip, Inc.*, 2014 U.S. Dist. LEXIS 23532, at *8 (E.D. Wis. Feb. 25, 2014). Here, Farley and Hawke used and included Defendants' sensitive financial information to draft the Actuarial Memoranda. In so doing, they emphasized that the information contained within the Actuarial Memoranda was confidential, and only for use by state insurance regulators or Defendants themselves. Indeed, such information, including asset projections, investment strategies, and historical profit and loss data, are considered commercially sensitive information requiring non-disclosure. *See Marine Travelift, Inc. v. Marine Lift Sys.*, 2013 U.S. Dist. LEXIS 88269, at *5 (E.D. Wis. June 24, 2013) (filing documents containing sales information and pricing data under seal "because they contain sensitive business information that could potentially harm its competitive business position within the marketplace").

Moreover, under Indiana law, a compilation of information can be commercially valuable and warrant non-disclosure even if individual component parts would not be considered trade

secrets. *See OneAmerica Fin. Partners, Inc. v. T-Systems N. Am., Inc.*, 2016 U.S. Dist. LEXIS 29965, at *15 (S.D. Ind. Mar. 9, 2016) (citing IND. CODE ANN. § 24-2-3-2). As such, even if this Court were to determine that some of the information contained in the Actuarial Memoranda was already public information, the presence of propriety commercial information creates a compilation requiring non-disclosure. *See N. Elec. Co.*, 819 N.E.2d at 426-29 (concluding that compilation of data, some of which was already in the public domain, was entitled to trade secret protection). Accordingly, Defendants request the Court maintain the Actuarial Memoranda under seal. [*See* Dkt. 233-12, 233-13].

### III.    Product Specifications (Exhibits 33, 34, & 35) Should Remain Sealed.

Exhibits 33, 34, and 35 (the "Product Specifications") contain internal development specifications for several of Defendants' products—LifeTrend III, LifeTrend IV, and LifeTrend IV-Revised. [*See* Dkt. 233-16; 233-17; 233-18]. These documents should remain under seal because they contain competitively sensitive commercial information regarding the pricing, development, and administration of Defendants' products. As previously stated, documents containing commercially sensitive information may be properly maintained under seal when the information provides independent economic value. Further, a court should maintain documents under seal that, if made public, would give others a competitive advantage in the marketplace. Here, the Product Specifications contain proprietary pricing information for Defendants' LifeTrend III and LifeTrend IV policies. Specifically, it contains data tables that show CLIC's internal assumptions, including highly proprietary mortality assumptions, gross annual premiums, monthly mortality rates, monthly cost of insurance rates, minimum death benefit percentages, and monthly per unit expense charges. Additionally, Defendants spent considerable time and resources arriving at the assumptions and compiling the data memorialized in the documents and took steps

to ensure it remained confidential by marking it as such. Indeed, courts in this Circuit have maintained documents under seal that contain a company's product specifications. *See Marine Travelift, Inc.*, 2013 U.S. Dist. LEXIS 88269, at *4 (maintaining under seal documents that contain information regarding Plaintiff's product specifications); *see also Wis. Alumni Research Found v. Apple, Inc.*, 2015 U.S. Dist. LEXIS 144743, at *5 (W.D. Wis. Oct. 26, 2015) (granting motion to seal exhibits containing confidential product specifications). In so doing, courts have noted that public disclosure of proprietary product specifications would allow competitors to gain advantage in the marketplace. Accordingly, Defendants request this Court maintain the Product Specifications under seal. [*See* Dkt. 233-16; 233-17; 233-18].

### IV. Training Documents Regarding the COI Increase at Issue in this Litigation and the Multistate Regulatory Examination (Exhibits 13 & 20) Should Remain Sealed.

Exhibits 13 and 20 (the "Training Documents"), entitled CIG Life CK4 LifeTrend 3 & 4 Q & A and LifeTrend 3 & 4 Project, respectively, are manuals Defendants used to train their customer service employees to assist policyholders who had questions or concerns regarding the Cost of Insurance Increase at issue in this litigation and the prior *Brady* litigation and ensuing regulatory examination. [*See* Dkt. 233-9, 233-11]. Both documents reflect Defendants' internal pricing policies and proprietary policy administrative systems, as well as expressly state that they are "**For internal use only**" (emphasis original). [*See* Dkt. 233-9 at 11; 233-11 at 105]. Here, the Training Documents warrant maintenance under seal because public exposure of these documents would enable virtually anyone to access and duplicate Defendants' proprietary customer service strategies, which could be detrimental to Defendants' business, as well as reflect sensitive company practices subject to litigation and regulatory examination. As such, they are exactly the type of material that should not be made public. Indeed, courts around the country have found that proprietary training materials can be properly considered trade secrets and may therefore be filed

7

under seal. *See, e.g., Acuity Brands, Inc. v. Bickley*, 2017 U.S. Dist. LEXIS 64894, at *34 (E.D. Ky. Mar. 31, 2017) (finding that specialized training materials are "legitimate business interests"); *see also U.S. ex rel. Westfall v. Axion Worldwide, Inc.*, 2008 U.S. Dist. LEXIS 104725 (M.D. Fl. Dec. 19, 2008) (finding training manuals to be proprietary information). Accordingly, Defendants request this Court maintain the Training Documents under seal. [*See* Dkt. 233-9, 233-11].

**V.     Intercompany Service Agreement (Exhibit 32) Should Remain Sealed.**

Exhibit 32 is an intercompany Service Agreement between Defendant CNO Services and Conseco Life which contains several categories of commercially sensitive information, including: (1) reimbursement policies; (2) cost sharing arrangements; (3) personnel and facilities arrangements; and (5) liability agreements. [*See* Dkt. 233-15]. Courts in this Circuit have routinely maintained commercial agreements under seal where the terms of the agreements reveal confidential business information. *See Atlanta Gas Light Co. v. Navigators Ins. Co.*, 2020 U.S. Dist. LEXIS 233222, at *3-4 (S.D. Ind. Dec. 11, 2020); *see also Jeffords v. BP Prods. N. Am.*, 2018 U.S. Dist. LEXIS 11291, at *6 (N.D. Ind. Jan. 24, 2018) (granting a motion to maintain a contract under seal where the terms revealed confidential "specific work processes and practices."). Indeed, revealing the proprietary terms of the business relationship between Defendant CNO Services and Conseco Life – including the pricing for services provided – would allow others in the marketplace to utilize those practices and arrangements in their own company, using the information to provide services at lower cost thus undermining Defendants' "competitive position[] in the marketplace." *Jeffords*, 2018 U.S. Dist. LEXIS 11291, at *6. Accordingly, Defendants request the Court maintain the Service Agreement under seal. [*See* Dkt. 233-15].

//

### VI. Internal E-mail Communications Regarding Defendants' Anticipated Communications with its Reinsurer Regarding the Regulatory Examination (Exhibit 39) Should Remain Sealed.

Exhibit 39 contains internal e-mail communications (the "E-mail Communications") between Defendants' employees discussing research for a then-upcoming call with Defendants' reinsurer, regarding the regulatory examination of the cost of insurance rate increase. [*See* Dkt. 233-21]. Within these e-mails, Defendants' employees examine proprietary financial information regarding the LifeTrend III, IV, and V policies, including which assumptions were made in the modeling and calculation of the Cost of Insurance rate. This type of information has independent economic value as a trade secret, as the calculations that go into the cost of insurance, if known publicly, and the details of Defendants' reinsurance arrangements would put Defendants at a critical competitive disadvantage in the insurance marketplace. *See Marine Travelift, Inc.*, 2013 U.S. Dist. LEXIS 88269, at *5. Accordingly, Defendants request this Court maintain the E-mail Communications under seal. [*See* Dkt. 233-21].

### VII. Excerpts from Depositions (Exhibits 15, 38, 40, & 45) Should Remain Sealed.

Exhibits 15, 38, 40, and 45 contain excerpts from the depositions of Frank S. Scuglik, Keith Donald Turner, Christopher J. Nickele, and Gregory Turner, respectively. [Dkt. 233-10; 233-20; 233-22; 233-26]. The excerpts of these depositions should remain under seal because they contain proprietary commercial information. Courts in this Circuit have allowed depositions testimony to be filed under seal where those depositions contained proprietary commercial information. *See Mimms*, 2016 U.S. Dist. LEXIS 201746, at *4; *see also Formax Inc.*, 2014 U.S. Dist. LEXIS 23532, at *8. Here, each of the deposition excerpts contains discussion of Defendants' proprietary information. Exhibit 15 contains a discussion of Defendants' calculation of their monthly deduction at 242:9-24. [Dkt. 233-10 at 13]. This discussion qualifies as confidential commercial

information because it reveals the strategy Defendants used to schedule and calculate their rates. Exhibit 38 contains several discrete pieces of proprietary commercial information. Specifically, it contains a discussion on Defendants' strategy in choosing mortality rate as a factor for determining cost of insurance and the factors for determining the cost of insurance. [Dkt. 233-20 at 22-24]. Exhibit 40 contains proprietary details regarding Defendants' financials. Specifically, the witness discusses Defendants' calculation of mortality rate, including the assumptions used and resulting projections. [Dkt. 233-22]. Exhibit 45 contains sensitive commercial information relating to pricing. Specifically, it discusses Defendants' predecessor companies' projection regarding the earnings for the policies. [Dkt. 233-26 at 5-12]. Additionally, it discusses how Defendants determined the credited interest rate as well as assumptions for the rate of growth of accumulation accounts. [*See id.* at 9-12-. As the testimony comprises proprietary financial information that Defendants took steps to keep confidential, it should remain under seal. [Dkt. 233-10; 233-20; 233-22; 233-26].

## CONCLUSION

For the reasons set forth above, Defendants request that the Court enter the proposed order filed herewith maintaining under seal Exhibits 13, 15, 20, 27-29, 32-35, 37-42, 44, and 45 [Dkt. 233-9, 233-10, 233-11, 233-12, 233-13, 233-14, 233-15, 233-16, 233-17, 233-18, 233-19, 233-20, 233-21, 233-22, 233-23, 233-24, 233-25, 233-26], as well as portions of Exhibit 12 [Dkt. 233-8] (redacted copy for public filing attached herewith as **Exhibit A**).

Dated: January 22, 2021                                          Respectfully submitted,

                                                */s/ Adam J. Kaiser*

_____
Adam J. Kaiser (admitted *pro hac vice*)
ALSTON & BIRD LLP
90 Park Ave

New York, NY 10016-1387
Telephone: (212) 210-9400
Facsimile: (212) 210-9444
Adam.Kaiser@alston.com

Samuel J. Park (admitted *pro hac vice*)
ALSTON & BIRD LLP
333 South Hope Street 16th Floor
Los Angeles, CA 90071-3004
Telephone: (213) 576-2687
Facsimile: (213) 576-1100
Samuel.Park@alston.com

Kristin A. Shepard (admitted *pro hac vice*)
ALSTON & BIRD LLP
950 F Street, NW
Washington, DC 20004
Telephone: 202-239-3277
Facsimile: (202) 239-3333
kristin.shepard@alston.com

Steven K. Huffer
SK Huffer & Associates PC
12821 East New Market Street
Suite 250
Carmel, IN 46032
Telephone: (317) 564-4807
Facsimile: (317) 564-4812
steveh@hufferlaw.com

*Attorneys for Defendants CNO Financial Group, Inc. and CNO Services LLC*

**CERTIFICATE OF SERVICE**

      I certify that on January 22, 2021, I filed this document using the Court's Electronic Case Filing ("ECF") system, which will automatically deliver a notice of electronic filing to counsel of record for all parties, all of whom are registered ECF users. Delivery of the notice of electronic fling constitutes service of this document as contemplated by Rule 5 of the Federal Rules of Civil Procedure. *See* Local Rule 5-1(c)(5).

                                                                 */s/ Samuel J. Park*
                                                                   Samuel J. Park