UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WILLIAM JEFFREY BURNETT and JOE H CAMP, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 1:18-cv-00200-JPH-DML |
| CNO FINANCIAL GROUP, INC. and CNO SERVICES LLC, | ) ) ) ) | |
| Defendants. | ) | |

## Order on CNO Defendants' Motion to Seal (Dkt. 236)

The CNO Defendants (CNO Financial Group, Inc. and CNO Services LLC) ask the court to maintain under seal certain documents they designated as confidential in discovery that the plaintiffs have filed to support their motion for class certification. The CNO Defendants also state their acquiescence in the unsealing of some of the documents (Calland Declaration Exhibits 5-11) and in the filing of a redacted version of one of the documents (Calland Declaration Exhibit 12). To support sealing the remainder (Calland Declaration Exhibits 13, 15, 20, 27-29, 32-35, 37-42, and 44-55), the CNO Defendants primarily contend that the information within the documents constitutes non-public proprietary commercial and financial information. For some of the documents that reflect communications with state insurance regulators, they assert a statutory basis for sealing.

While the court rejects much of the CNO Defendants' broad-based arguments, it will allow the exhibits to be maintained under seal at this stage in

connection with class certification briefing. This ruling does not mean that the same documents can be sealed if they are filed in connection with other matters presented to the court for adjudication. Nor, as addressed below, will the court allow the plaintiff's briefing to be sealed.

The court does not permit the sealing of documents based only on contentions that they contain descriptions of a business's activities, financial transactions, or internal analyses that have not been generally shared outside the business. Unless a trade secret truly would be revealed (which is not common), information is of a matter of "bona fide long-term confidentiality" (unlikely for many documents in this case because the events at issue took place more than a decade ago), a recognized privilege applies (such as the attorney-client privilege), there is a statutory basis for sealing, or the proponent of sealing can demonstrate specific harm from disclosure that outweighs the presumptive of public access, information that is filed with the court and material to its resolution of contested issues cannot be sealed. *See, e.g., Fritzinger v. Angie's List, Inc.,* 2013 WL 5701456 at *1-2 (S.D. Ind. Oct. 18, 2013) (citing *Baxter Int'l, Inc. v. Abbott Laboratories,* 297 F.3d 544, 545 (7th Cir. 2002)). *See also United States v. Foster,* 564 F.3d 852, 853 (7th Cir. 2009) (Easterbrook, J. Chambers Opinion) ("Information that affects the disposition of litigation belongs in the public record unless a statute or privilege justifies nondisclosure.")

At the same time, however, the court is sometimes amenable to permitting some otherwise "private" business and financial information to be sealed where the information can be, or is, presented in an abbreviated form on the public docket.

For example, for many of the documents filed under seal by the plaintiffs, only snippets of information are material to the plaintiffs' certification arguments, and those snippets are revealed on the public docket in their legal brief in support of certification.  In addition, most of the documents were filed with the court solely because they are referenced by the plaintiffs' expert in his report supporting certification.  (*See* Declaration of Mark Browne, Dkt. 232-5).  The expert report is filed on the public docket, the information in the expert report that is gleaned from underlying documents is made clear, and it is not always necessary anyway for data/information underlying an expert's opinion to be received into evidence.  If a material factual dispute is raised between the parties about whether information on the public docket is accurately based on the underlying documentation, the court can revisit the extent to which sealing of an exhibit is appropriate.  In summary, the court will permit the subject exhibits to remain under seal because (a) it may not have been necessary to file them anyway, and (b) the relatively small amount of information from larger documents that the plaintiffs actually rely on in their certification briefing appears on the public docket.

      The court will not, however, permit the plaintiffs' brief in support of class certification to be sealed. The only section that the CNO Defendants assert contains proprietary, commercial information relates to a mathematical percentage of policyholders that Conseco Life projected may surrender their policies because of the "shock" rate increases.  The fact that Conseco Life engaged in such projection analysis and a relatively high percentage was projected, combined with the

plaintiffs' expert damages analyses, may be important in the court's resolution of the Rule 23(a) and (b)(3) factors. This information is thus presumptively open to public access. The court is not convinced by the CNO Defendants' argument that the fact that a percentage was projected and its amount constitutes a trade secret or proprietary business information the disclosure of which could cause harm to their business interests. The information relates to events that occurred more than 10 years ago and its revelation does not itself reveal any factors or analyses that underlaid the surrender projections—which may or may constitute proprietary information.

## Conclusion

The defendants' motion to seal (Dkt. 236) is GRANTED IN PART and DENIED IN PART.

The Clerk is directed to UNSEAL the following documents at the end of the period under Local Rule 5-11(g):  Dkts. 235 and 235-1 (memorandum of law and cover sheet), 233-1, 233-2, 233-3, 233-4, 233-5, 233-6, and 233-7.

The Clerk is directed to MAINTAIN UNDER SEAL all of the remaining documents within Dkt. 233.

So ORDERED.

Dated:  March 8, 2021

_Debra McVicker Lynch_
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system