UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM JEFFREY BURNETT, <br> JOE H CAMP, <br>                Plaintiffs, <br><br>                v. <br><br> CNO FINANCIAL GROUP, INC., <br> CNO SERVICES LLC, <br>                Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 1:18-cv-00200-JPH-KMB <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER ON CLASS NOTICE**

Plaintiffs William Jeffrey Burnett and Joe H. Camp—former holders of certain "LifeTrend" life insurance Policies—allege that Defendants breached those Policies, causing thousands of policyholders to surrender them. The Court has certified a class of plaintiffs under Fed. R. Civ. P. 23(b)(3) for the claims against CNO Financial Group, Inc. and CNO Services, Inc. ("CNO Defendants"). Dkt. 343. Plaintiffs have filed a motion to approve a class notice and procedures for providing notice to class members. Dkt. [350].

**I.
Applicable Law**

The Court "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). "The notice must clearly and concisely state in plain, easily understood language:

1

    (i)    the nature of the action;
    (ii)   the definition of the class certified;
    (iii)  the class claims, issues, or defenses;
    (iv)  that a class member may enter an appearance through an attorney if the member so desires;
    (v)   that the court will exclude from the class any member who requests exclusion;
    (vi)  the time and manner for requesting exclusion; and
    (vii) the binding effect of a class judgment on members under Rule 23(c)(3)."

*Id.*; *see Phillips Petroleum v. Shutts*, 472 U.S. 797, 812 (1985).

## II.
## Analysis

### A. Class Notice

Plaintiffs and the CNO Defendants collaborated to prepare and edit a proposed class notice. *See* dkt. 351-1 (CNO Defendants' initial proposal); dkt. 355 (Plaintiffs' revised proposal); dkt. 358-4 (CNO Defendants' revised proposal). The CNO Defendants' initial proposal included more information about potential individualized proceedings that may be necessary after a class trial. *See* dkt. 351-1. For example, it would inform class members that they may have to provide documents to the CNO Defendants, be deposed, and/or testify in Indiana. *Id.* at 2. While Plaintiffs have incorporated many of the CNO Defendants' proposed edits, *see* dkt. 355, the CNO Defendants argue that their remaining proposed edits should be accepted, dkt. 358-1 at 3. In the alternative, the CNO Defendants have provided a proposed notice with "modest edits" to Plaintiffs' final proposal, explaining that class members "may be

required to participate in individual trials in Indiana, as well as the discovery process."  Dkt. 358-1 at 6; dkt. 358-4 (CNO Defendants' revised proposal).

      The order certifying this class held that "causation and damages are individualized here."  Dkt. 343 at 42.  That does not necessarily mean, however, that individual trials on those issues will be required.  *See id.* at 47–49.  The CNO Defendants may prevail at summary judgment or at the class trial, or this case may settle either before or after a class trial.  *See id.*  Even if individual proceedings are required, causation and damages may not be disputed for every class member or might be resolved in "homogenous groups of class members."  *Id.* at 48 (quoting *Butler v. Sears, Roebuck & Co.*, 727 F.3d 796, 800 (7th Cir. 2013)).

      Therefore, "the best notice that is practicable under the circumstances," Fed. R. Civ. P. 23(c)(2)(B), should inform each class member that a recovery may require participation in individual proceedings.  Providing too much detail about such potential proceedings, however, would stray into speculation instead of "clearly and concisely stat[ing]" class members' likely obligations.  *Id.*  The CNO Defendants have not explained why a less detailed notice would hinder class members' decisionmaking, especially compared to including details about litigation obligations that may not be required.  *See* dkt. 358-1.  Moreover, focusing on possibilities about individual proceedings risks misleading class members into believing that common, class-wide questions do not predominate in this litigation.  *See* dkt. 343 at 39–47.

The Court therefore **APPROVES** Plaintiffs' final proposed class notice at docket 355-1 as amended by the Court. *See* Ex. 1 (dkt. 355-1 with Court's redline revisions).

### B. Distribution Procedures

Plaintiffs propose that they engage Donlin Recano & Company to administer notice to the 1,993 members of the class. Dkt. 350 at 2–3. Donlin Recano would then use its database of information from its administration of the settlement class that was previously approved in this case. *Id.* at 3–4. Notice would be provided by first-class mail within thirty days of this order. *Id.* at 4–5. Donlin Recano would also "create, develop, implement, host, and maintain" a website and would "establish a toll-free telephone number and create a call center" for class members. *Id.* at 5.

The CNO Defendants do not object to Plaintiffs' proposed distribution procedures, *see* dkt. 351, and the Court finds that they will allow "the best notice that is practicable under the circumstances," Fed. R. Civ. P. 23(c)(2)(B). Those procedures are therefore **APPROVED**.

### III.
### Conclusion

Plaintiffs' motion to approve class notice and proposed notice procedures is **GRANTED in part and DENIED in part** consistent with this order. Dkt. [350]. The CNO Defendants' unopposed motion to file surreply is **GRANTED**. Dkt. [358]. Plaintiffs **SHALL DISTRIBUTE** the approved class notice through the procedures approved in this order.

**SO ORDERED.**

Date: 2/9/2023

                                                James Patrick Hanlon
                                                United States District Judge
                                                Southern District of Indiana

Distribution:

All electronically registered counsel.