IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM JEFFREY BURNETT, et al., individually and on behalf of others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>CONSECO LIFE INSURANCE COMPANY, et al.,<br><br>  Defendants. | **CLASS ACTION**<br><br>CAUSE NO.: 1:18-cv-00200-JPH-KMB |

**PLAINTIFFS' MOTION TO REMOVE CONFIDENTIALITY
DESIGNATIONS FROM PLAINTIFFS' EXPERT REPORTS**

Plaintiffs William Jeffrey Burnett and Joseph Camp, individually and on behalf of other members similarly situated (collectively, "Plaintiffs"), by counsel, hereby move the Court for an order removing all confidentiality designations from Plaintiffs' expert reports. Specifically, Plaintiffs seek to remove all confidentiality designations for all excerpts, summaries, and descriptions of documents and testimony contained in the following reports produced by Plaintiffs' experts:

1. July 6, 2023 Merits Declaration of Mark Browne, including Exhibits 1-7 and Appendices A-D.

2. July 6, 2023 Report of Frederick G. Heese, CPA, CFE, MBA, including Appendices 1-2.

3. July 6, 2023 Expert Report of Rob Muriel, including Exhibits 1-12, and Exhibits A-B.

4. October 11, 2023 Merits Rebuttal Declaration of Mark Browne, including Exhibits 1-2 and Appendices A-C.

5. October 11, 2023 Rebuttal Report of Frederick G. Heese, CPA, CFE, MBA.

6. October 11, 2023 Rebuttal Expert Report of Robert Muriel.

      7.      October 20, 2023 Amended Rebuttal Declaration of Mark Browne, including Exhibits 1-2 and Appendices A-C.

In support of their motion, Plaintiffs hereby state as follows:

Virtually all of the documents and information at issue here are at least ten years old, and there is no valid basis to continue to keep them confidential. "Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010). As the Court noted in its March 8, 2021 Order denying in part the CNO Defendants' motion to seal materials related to class certification, "bona fide long-term confidentiality" is "unlikely for many documents in this case because the events at issue took place more than a decade ago." Dkt. 248 at 2. Conseco Life Insurance Company ("CLIC") no longer sells new policies and has not since 2007. Nothing contained in decade-old documents could affect current business practices or involve potential confidential business information.

The Court also found in the March 8, 2021 Order that it is appropriate to reveal on the public docket "snippets" of information "gleaned from underlying documents" that are contained in expert reports or brief. *Id.* at 3.[1] That is precisely what is at issue here.

Pursuant to the Protective Order in this case, *see* Dkt. 504, Plaintiffs' counsel first asked the CNO Defendants to withdraw the confidentiality designations from the expert reports on October 27, 2023. On November 21, 2023, the CNO Defendants told Plaintiffs that they planned to ask their consulting firm Milliman and Wilton Re, the company that purchased Conseco Life

---

[1] *See also* Dkt. 333, Jan. 5, 2022 Order on CNO Defendants' Motion to Seal ("The court is not convinced that the discussion in the briefing reveals a trade secret of proprietary business information the disclosure of which could harm the defendants' current or future business interests. The information relates to events that occurred more than a decade ago and its revelation does not itself reveal the entirety of analyses that underlaid old surrender projections.").

Insurance Company ("CLIC"; now Wilco), whether either of those entities wanted to keep the information confidential. On November 30, 2023, the CNO Defendants informed Plaintiffs that Wilco expected to want to keep some documents confidential, but that its outside counsel would be in depositions for two weeks and could not identify the designations until after then. CLIC settled with the Plaintiffs for $27 million in 2021 and, as far as Plaintiffs are aware, has no potential additional liability from the facts alleged by Plaintiffs.

      For the reasons stated above, Plaintiffs respectfully request an order removing all confidential designations from the reports listed above.

Dated: December 1, 2023

Respectfully submitted,

/s/ *Shelli L. Calland*

Stephen A. Weisbrod (pro hac vice)
Shelli L. Calland (pro hac vice)
Tamra B. Ferguson (pro hac vice)
WEISBROD MATTEIS & COPLEY PLLC
1200 New Hampshire Avenue NW Suite 600
Washington, DC 20036
sweisbrod@wmclaw.com
scalland@wmclaw.com
tferguson@wmclaw.com

and

Kathleen A. DeLaney (#18604-49)
DeLaney & Delaney LLC
3646 North Washington Blvd.
Indianapolis, IN 46205
Telephone: (317) 920-0400
Facsimile: (317) 920-0404

**Attorneys for Plaintiffs**