UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM JEFFREY BURNETT and JOE H. CAMP, individually and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>CNO FINANCIAL GROUP, INC. and CNO SERVICES, LLC,<br><br>    Defendants. | CLASS ACTION<br><br>CAUSE NO.: 1:18-cv-00200-JPH-KMB |

**DEFENDANTS CNO FINANCIAL GROUP, INC.'S AND
CNO SERVICES, LLC'S RESPONSE TO PLAINTIFFS' MOTION TO UNSEAL
PLAINTIFFS' EXPERT REPORTS AND EXPERT REBUTTALS AND JOINDER IN
WILCO LIFE INSURANCE COMPANY'S OPPOSITION TO UNSEALING**

    Defendants CNO Financial Group, Inc. ("CNO Financial") and CNO Services, LLC ("CNO Services," and together with CNO Financial, the "CNO Defendants") submit this Response to Plaintiffs' Motion to Remove Confidentiality Designations from Plaintiffs' Expert Reports (Dkt. 411) ("Unsealing Motion") and Joinder in former defendant Wilco Life Insurance Company's[1] Opposition to Unsealing. As Plaintiffs' Unsealing Motion acknowledges, Plaintiffs' Expert Reports and Rebuttals discuss and quote various documents and testimony designated as "CONFIDENTIAL" under the operative protective order in this case.

    Specifically, Plaintiffs' Expert Reports and Rebuttals discuss Nonguaranteed Elements changes to the LifeTrend 3 and LifeTrend 4 ('87 and '93) series policies issued by a predecessor

---

[1] Wilco Life Insurance Company ("Wilco Life") was formerly known as Conseco Life Insurance Company ("Conseco Life"). Wilco Life is now known as "Wilcac Life Insurance Company."

of Conseco Life. Effective July 1, 2014, Conseco Life was sold to Wilton Re and was subsequently renamed as Wilco Life. As a result, Wilco Life, which was formerly a defendant in this case, owns the in-force LifeTrend 3 and LifeTrend 4 ('87 and '93 series) policies.

Plaintiffs filed the Unsealing Motion on Friday December 1, 2023. On Monday, December 4, 2023, counsel for the CNO Defendants forwarded the Unsealing Motion to Counsel for Wilco Life to ask if they, as the owner of the in-force LifeTrend 3 and LifeTrend 4 ('87 and '93) polices, intended to intervene to oppose the Unsealing Motion. On December 12, 2023, Wilco Life informed counsel for the CNO Defendants that Wilco Life would be intervening to oppose the Motion to Unseal, and the CNO Defendants consented to an extension of time for Wilco Life to oppose the Motion to Unseal.

The CNO Defendants file this Response in Support of Wilco Life's anticipated Opposition to the Motion to Unseal. The CNO Defendants write separately to confirm that they have maintained the CONFIDENTIAL documents at issue in a secure, login and password protected Relativity Database and, in some cases, on a secure case management folder maintained by outside counsel in this litigation. Access to the Relativity Database and the case management folder are limited to outside counsel and law firm support staff and used for the purpose of defending this litigation. Certain documents have also been shared with in-house counsel for the CNO Defendants and witnesses in the litigation, including expert witnesses and consultants who have executed Exhibit A to the operative protective order. Accordingly, the CNO Defendants have maintained the documents in a manner consistent with their CONFIDENTIAL status.

The CNO Defendants also write to make it clear that any documents and testimony relied on by Plaintiffs' experts that were designated as "CONFIDENTIAL" shall retain that status. If Plaintiffs want to unseal any of those documents or testimony, they should file a separate motion

identifying the particular documents and/or testimony that they seek to unseal. The CNO Defendants reserve all rights to oppose such a motion.

Last but not least, the CNO Defendants write to express their concern with the timing of the Unsealing Motion, given that there are no filing deadlines in the case until February and given the impending January 5th deadline for confidential submissions to the magistrate for the upcoming January 16, 2024 settlement conference with Magistrate Judge Barr. Plaintiffs have a history of seeking to try their claims against the CNO Defendants in the press,[2] which would undermine any good faith settlement discussions with the Magistrate. The CNO Defendants respectfully submit that the ultimate merits (or lack thereof) of Plaintiffs' allegations in this case should be determined by this Court based on the record, not by the media.

December 21, 2023

Respectfully submitted,

*/s/ Adam J. Kaiser*
Adam J. Kaiser (admitted *pro hac vice*)
Joanna H. Schorr (admitted *pro hac vice*)
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444
adam.kaiser@alston.com
joanna.schorr@alston.com

Samuel J. Park (admitted *pro hac vice*)
ALSTON & BIRD LLP
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone: (213) 576-2687

---

[2] *See, e.g.,* Dave Stafford, *Conseco settles life insurance class action for $27M - The Indiana Lawyer*, The Indiana Lawyer (Jan. 15, 2021), https://www.theindianalawyer.com/articles/conseco-settles-life-insurance-class-action-for-27m (article wherein Plaintiffs' Indiana Counsel Kathleen Delaney stated of the Wilco Life settlement: "This is a great start," DeLaney said, "but most of the millions of dollars in profits from the overcharges went to the parent company and its affiliate…").

Facsimile: (213) 576-1100
samuel.park@alston.com

Kristin A. Shepard (admitted *pro hac vice*)
Michael A. Valerio (admitted *pro hac vice*)
Laura E. Simmons (admitted *pro hac vice*)
ALSTON & BIRD LLP
950 F Street, NW
Washington, DC 20004
Telephone: (202) 239-3277
Facsimile: (202) 239-3333
kristin.shepard@alston.com
michael.valerio@alston.com
laura.simmons@alston.com

Steven K. Huffer
SK HUFFER & ASSOCIATES PC
12821 East New Market Street
Suite 250
Carmel, IN 46032
Telephone: (317) 564-4807
Facsimile: (317) 564-4812
steveh@hufferlaw.com

*Attorneys for Defendants CNO Financial Group, Inc. and CNO Services LLC*

**CERTIFICATE OF SERVICE**

      I certify that on December 21, 2023, I caused this document to be filed using the Court's Electronic Case Filing ("ECF") system, which will automatically deliver a notice of electronic filing to counsel of record for all parties, all of whom are registered ECF users.  Delivery of the notice of electronic filing constitutes services of this document as contemplated by Rule 5 of the Federal Rules of Civil Procedure.  *See* Local Rule 5-1(c)(5).

                           */s/     Adam J. Kaiser*
                           Adam J. Kaiser