UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM JEFFREY BURNETT and JOE H. CAMP, individually and on behalf of others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) **CLASS ACTION** ) |
| v. | ) CAUSE NO.: 1:18-cv-00200-JPH-KMB ) |
| CNO FINANCIAL GROUP, INC.; and CNO SERVICES, LLC, | ) ) ) |
| Defendants. | ) ) |

**THIRD PARTY CONSECO LIFE INSURANCE COMPANY'S RESPONSE TO PLAINTIFFS' MOTION TO REMOVE CONFIDENTIALITY DESIGNATIONS FROM PLAINTIFFS' EXPERT REPORTS (ECF # 411)**

Plaintiffs William Jeffrey Burnett and Joe H. Camp (the "Plaintiffs") filed a Motion to Remove Confidentiality Designations from Plaintiffs' Expert Reports on December 1, 2023 (the "Motion") (ECF # 411). Third Party Conseco Life Insurance Company ("Conseco Life"), now known as Wilcac Life Insurance Company ("Wilcac Life"), a dismissed and settled-out former party to this litigation (*see, e.g.,* Reformed Partial Final Judgment, ECF # 251), respectfully asks the Court to deny Plaintiffs' Motion on the following grounds: first, on the basis that the Motion is impermissibly vague, procedurally improper, and prematurely sought, and second, that Conseco Life's confidential and trade secret information should continue to be protected and any "excerpts, summaries, and descriptions of documents and testimony" constituting designated "Confidential" materials should be held under seal.

Conseco Life appears here for the limited purpose of submitting this response in opposition to the Motion pursuant to Conseco Life's rights to protect and defend against exposure of its confidential and trade secret information that is subject to protections including those existing

pursuant to the Stipulation and Order for the Protection and Exchange of Confidential Information, previously agreed to by the parties and entered on September 17, 2013, in the MDL predecessor to this case (the "Protective Order") (ECF #508 in Cause No. 3:10-MD-02124-SI, MDL No. 2124 (the "LifeTrend MDL")).

Plaintiffs assert a vague and blanket request that the Court permit Plaintiffs to unilaterally remove and disregard all confidentiality designations "for all excerpts, summaries, and descriptions of documents and testimony contained in the following reports produced by Plaintiffs' experts:

1. July 6, 2023 Merits Declaration of Mark Browne, including Exhibits 1-7 and Appendices A-D.

2. July 6, 2023 Report of Fredrick G. Heese, CPA, CFE, MBA, including Appendices 1-2.

3. July 6, 2023 Expert Report of Rob Muriel, including Exhibits 1-12, and Exhibits A-B.

4. October 11, 2023 Merits Rebuttal Declaration of Mark Browne, including Exhibits 1-2 and Appendices A-C.

5. October 11, 2023 Rebuttal Report of Frederick G. Heese, CPA, CFE, MBA.

6. October 11, 2023 Rebuttal Expert Report of Robert Muriel.

7. October 20, 2023 Amended Rebuttal Declaration of Mark Browne, including Exhibits 1-2 and Appendices A-C."

(the "Expert Reports"). Although Plaintiffs have not served any of the Expert Reports on third party Conseco Life, it is Conseco Life's understanding that the enumerated Expert Reports, and the listed exhibits and appendices for each, represent the entirety of Plaintiffs' merits expert reports and that the relief sought is intended to encompass the unlimited variety of possible combinations of "excerpts, summaries, and descriptions of documents and testimony" from which Plaintiffs may draw in their forthcoming dispositive motion briefing.

The Expert Reports reference and discuss broad categories of Conseco Life's confidential and trade secret non-public financial and accounting information, including information regarding corporate governance, commercial practices, sensitive business activities, and blocks of insurance products that are outside and beyond the scope of Plaintiffs' claims before the Court.

A. **Plaintiffs' Motion is Impermissibly Vague, Fails to Give Conseco Life Specific Designated Materials Regarding Which to Respond, and Does Not Comport with the Applicable Local Rule.**

Each and every hypothetical excerpt, summary, description of a document, and/or item of excerpted testimony contained within the Expert Reports that is the subject of the Motion is, by virtue of its incorporation into the relief sought in the Motion, subject to the Protective Order (collectively, the "Designated Materials"). However, Plaintiffs have not specifically identified a single example of such Designated Materials, to which Conseco Life could specifically respond. Rather, through the Motion, Plaintiffs are preemptively requesting the Court to excuse them from complying with the procedural requirements of Local Rule 5-11 for filing under seal any forthcoming dispositive motion briefing that includes recitation of or reference to Designated Materials.

Local Rule 5-11 provides the proper mechanism for Plaintiffs to submit briefing containing Designated Materials subject to a motion to seal, and, in turn, provides Conseco Life the opportunity to specifically, and in-detail, address actual, not hypothetical, use of Designated Materials in Plaintiffs' briefing. *See Knauf Insulation, LLC v. Johns Manville Corp.*, 2022 WL 4292228, at *2 (S.D. Ind. Apr. 27, 2022) (applying Local Rule 5-11 where the Court considered excerpts from expert reports submitted in support of summary judgment and determined that maintaining the excerpts under seal was appropriate where disclosure of the "commercially sensitive information" could "severely harm . . . commercial interests and lead to competitive harm"). Because the actual subject matter of the Motion is the content of Plaintiffs' forthcoming

**THIRD PARTY CONSECO LIFE INSURANCE COMPANY'S RESPONSE
TO PLAINTIFFS' MOTION TO REMOVE CONFIDENTIALITY DESIGNATIONS**                                                                                                                3

briefing, and whichever Designated Materials they reference therein, the relevant Designated Materials are not yet properly before the Court. On that basis alone, the Motion should be denied. Furthermore, it precludes Conseco Life from practically responding to Plaintiffs' Motion for purposes of addressing the substantive standards established by case law for the Court to be able to reach a determination on the relief requested by Plaintiffs.

For the Court to make determinations as to which Designated Materials are deserving of confidential treatment, there must be a specific, detailed discussion and balancing of the competing interests of secrecy and disclosure. *See Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002); *Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002). Here, Plaintiffs do not set forth how they may elect to utilize the Designated Materials in question and in what form the Designated Materials may be presented into the record in future briefing. Whereas some summary assertions that Plaintiffs may draw from their voluminous Expert Reports (more than 300 pages of materials) may not warrant a confidentiality briefing battle, and the Court's time, there are countless more that certainly would. The Motion improperly imposes the burden of guessing and attempting to preemptively defend against exposure of whichever Designated Materials Plaintiffs may choose to reference in future briefing on settled- and dismissed-out Conseco Life.

**B.     The Confidential, Sensitive, and Proprietary Nature of the Non-Public Financial and Business Information Contained in the Designated Materials Illustrates Good Cause for Maintaining Confidentiality.**

The Designated Materials, although only implicated by the Motion in the vaguest sense, nevertheless are replete with confidential, sensitive, and trade secret information belonging to Conseco Life that should be maintained under seal because (1) the Designated Materials satisfy applicable authority to remain under seal, and (2) the important benefits of sealing and negative effects of unsealing outweigh the benefit of public access. Accordingly, the Designated Materials

are categorically of the nature that warrant confidential treatment and protections. In support, Conseco Life attaches and incorporates the Declaration of Enrico Treglia. *See* **Exhibit A**.

1. **Legal Standard for Maintaining Confidentiality of Designated Materials.**

The Court should maintain confidentiality where there is good cause to do so—that is, when the property and privacy interests of the movant outweigh the general interests of the public in full transparency of the judiciary. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999); Fed. R. Civ. P. 26(c)(1)(G) (contemplating that a party may suffer prejudice or harm from the disclosure of "a trade secret or other confidential research, development, or commercial information."). When the "good cause" standard is met, courts may "allow[] the parties to keep their trade secrets (or some other properly demarcated category of legitimately confidential information) out of the public record." *Citizens First Nat'l Bank*, 178 F.3d at 946.

To determine whether the standard is met, courts typically evaluate specific excerpts of information to determine whether all or part of the document should be sealed, but a court may seal a document in its entirety when an excerpt would reveal the underlying confidential information. *See Advanced Magnesium Alloys Corp. v. Dery*, 2022 WL 20514945, at *2 (S.D. Ind. May 16, 2022) (finding defendants demonstrated good cause for sealing documents in their entirety when a "substantial portion" of information in the cited documents was "competitively sensitive, such that partial redaction would be impractical or ineffective").

Courts in the Seventh Circuit have not limited "confidential information" to specific types of information and instead permit a wide range of categories of documents to remain under seal when the "good cause" standard is satisfied. *See Entm't USA, Inc. v. Moorehead Commc'ns, Inc.*, 93 F. Supp. 3d 915, 935-36 (N.D. Ind. 2015) (upholding the confidentiality of a settlement agreement, stock purchase agreements containing pricing data, and tax return information, as these

documents contain non-public financial and business information); *Formax Inc. v. Alkar–Rapidpak–MP Equip., Inc.*, 2013 WL 2452703, at *1 (E.D. Wis. June 5, 2013) ("documents containing sensitive pricing information, sales figures, sales dollar amounts, profit and loss data, and other financial records not normally made known to the public may be properly filed under seal").

### 2. There is Good Cause for Maintaining Confidentiality.

Conseco Life, now known as Wilcac Life, was acquired by Wilton Reassurance Company, Inc. ("Wilton Re") in 2014. **Exhibit A**, ¶ 2. Wilton Re is not a public company and maintains as confidential its business information and records. *Id*. The Designated Materials within the Expert Reports are comprised of non-public sensitive commercial information including financial and accounting data, internal discussions, communications, and reporting regarding that non-public financial and accounting data, non-public and trade secret matters of corporate governance, and non-public trade secret information regarding blocks of insurance products. *Id.*, ¶ 4. The Designated Materials reflect or are derived from the following sources:

a. Conseco Life's confidential, sensitive, and private financial and accounting documents:
   i. board minutes;
   ii. internal accounting and financial details and reports;
   iii. Milliman appraisal and related actuarial documents.

b. Information related to servicing expenses and fees:
   i. internal financial data of Conseco Life related to servicing expenses and fees;
   ii. servicing agreements between Wilton Re and CNO, including the Transition Services Agreement (TSA) and Special Support Agreement (SSA).

c. Information and testimony regarding proprietary corporate governance practices and procedures.

> d. Product specifications, policy data, and other non-public information for blocks of Conseco Life's insurance business including blocks other than Plaintiffs' LifeTrend policies.
>
> e. The Regulatory Settlement Agreement and related documents, including communications with regulators, and Milliman RSA model.

*Id.*, ¶ 4. Each sub-category of Designated Materials warrants protection.

Public disclosure of these Designated Materials would place Conseco Life and Wilton Re at a financial and competitive disadvantage in its operations and its administration of life insurance products. *Id.*, ¶¶ 5-10. Among other things, public disclosure jeopardizes and prejudices Conseco Life's and Wilton Re's competitive position in the industry and their business operations, vis-à-vis:

- They will be subject to competing companies, life insurance agents, and/or plaintiffs' attorneys manipulating or attempting to inappropriately use their private business information in an attempt to replace their existing insurance business or to disparage them and their affiliates;

- They will be more at risk to third party vendors, with whom they are negotiating servicing agreements and other agreements, using this information to inappropriately gain insight into how they value vendor services and utilize negotiating strategies;

- They will be harmed and put in a more adverse position as to competitive business dealings in future transactions, such as agreements to acquire additional insurance operations, agreements to provide reinsurance, agreements to provide third party administrative services, among others, because this information may be inappropriately manipulated and used adversely to them.

*Id.*, ¶ 6.

a.  **Board Minutes, Financial and Accounting Documents, and Milliman Appraisals**

Conseco Life's internal financial, accounting, and operational documents are confidential and proprietary information that Conseco Life, as a private company, does not disseminate. Instead, this confidential, sensitive, and private information is considered trade secret to Conseco Life and used to compete within the insurance industry. **Exhibit A**, ¶ 8. Specifically, the underlying documents (a) contain extensive and detailed inventory and analysis of Conseco Life assets and holdings and indications of possible future managerial actions and (b) evaluate and project future earnings from the life insurance and annuity business of Conseco Life. One example of information in this category that Plaintiffs might reference in their briefing but which should remain under seal is discussion of the Milliman Appraisal in the July 6, 2023 Report of Fredrick G. Heese, p. 26, which among other things references non-public information about a host of products and post-2012 financial information wholly unrelated to LifeTrend matters.[1] Similarly, Conseco Life's board minutes are not publicly disclosed.

b.  **Internal Financial Data Related to Servicing Expenses and Fees**

Like Conseco Life's internal financial, accounting, and operation documents, Conseco Life does not disseminate confidential internal financial data related to servicing expenses and fees. Instead, this important proprietary information is kept and maintained as private information. Maintaining the secrecy of its data, terms, expenses, and fees associated with Wilton Re's administrative servicing is one of the ways Wilton Re competes within the insurance industry and disclosing the proprietary data or terms of business relationships would put Wilton Re and Conseco

---

[1] Conseco Life denies the proposed documents and hypothetical excerpts Plaintiffs seek to unseal are properly before the Court to determine "good cause" but notes these examples to preview the type of information that should remain under seal. If the Court deems it necessary, Conseco Life requests permission to have the Expert Reports in question submitted to the Court for *in camera* review.

Life at a competitive disadvantage. **Exhibit A**, ¶ 9. An example of information in this category that Plaintiffs might reference in their briefing but which should remain under seal is discussion of servicing expenses and fees in the July 6, 2023 Report of Fredrick G. Heese, pp. 12-24.

      **c.**      **Corporate Governance Practices and Procedures**

Information and testimony regarding corporate governance practices and procedures should remain under seal because they relate to internal operations considered trade secret and proprietary by Conseco Life and Wilton Re. Moreover, much of this material is unlikely to be material to the court's resolution of pending issues (a factor that cannot be evaluated at this point because of Plaintiffs' premature motion). **Exhibit A**, ¶ 8. One example of information in this category that Plaintiffs might reference in their briefing but which should remain under seal is discussion of corporate governance in the July 6, 2023 Report of Fredrick G. Heese, pp. 7-9.

      **d.**      **Product Specifications, Policy Data, and Other Sensitive Insurance Block Information**

Specific insurance block information, such as product specifications and product data unrelated to Plaintiffs' LifeTrend policies, is at the heart of the type of competitively sensitive commercial information sealing is intended to protect. *See Wis. Alumni Research Found. v. Apple, Inc.*, 2015 WL 6453837, at *2 (W.D. Wis. Oct. 26, 2015) (granting motion to seal exhibits containing confidential product specifications). These categories are sensitive business information and disclosure would harm Conseco Life and Wilton Re's competitive business position within the marketplace. **Exhibit A**, ¶ 7. One example of information in this category that Plaintiffs might reference in their briefing but which should remain under seal is discussion of specific policy data appearing in the July 6, 2023 Merits Declaration of Mark Browne, p. 3 (referencing data extracts from the CK4 system).

      **e.**      **Regulatory Settlement Agreement and Related Regulatory Documents**

The underlying regulatory investigation and documents underlying the regulatory settlement agreement should remain under seal based on case law and statutory authority. First, these documents are confidential and sensitive to Conseco Life's business. **Exhibit A**, ¶ 8. Second, documents and communications related to state insurance regulators are not subject to public disclosure. *See* NAIC Model Law MDL 390, § 5(F); IND. CODE ANN. § 27-1-3.1-15; *see also Baxter*, 297 F.3d 544, 546 (7th Cir. 2002) (noting a basis for "good cause" where "information [is] required by statute to be maintained in confidence"). One example of information in this category that Plaintiffs might reference in their briefing but which should remain under seal is discussion of specific policy data appearing in the July 6, 2023 Merits Declaration of Mark Browne, p. 30 (explaining alleged damages based on "analysis Conseco performed in response to a regulatory request").

For all of the Designated Materials, good cause exists for continuing to protect from public disclosure information in records that were produced to Plaintiffs pursuant to the comprehensive Protective Order and subject to a designation of confidentiality.

**C.**    **Conseco Life's Prior Settlement with Plaintiffs Does Not Strip the Designated Materials of their Confidential Status and Conseco Life Stands to Be Harmed by the Exposure of that Non-Public Information.**

Plaintiffs conclude their short Motion with the bald assertion that Conseco Life "has no potential additional liability from the facts alleged by Plaintiffs," implying that the prior release of claims by the instant class of Plaintiffs ends any concern that Conseco Life may be harmed by the improper disclosure of its confidential and trade secret information. However, and notably, many of the Designated Materials pertain to business practices and commercial information held as confidential by Conseco Life and Wilton Re, which are not limited in scope to those specific claims or insurance product blocks that serve as the basis for Plaintiffs' allegations in this litigation. *See,*

*e.g.*, **Exhibit A**, ¶ 7. Conseco Life and Wilton Re vigorously defended against Plaintiffs' allegations in this litigation and have at all times denied, and continue to deny, any wrongdoing or liability.  However, the fact is that Plaintiffs' public filing of the Designated Materials, should they be successful in stripping away the confidentiality of that information, will certainly expose Conseco Life and Wilton Re to potential harm and, further, put Wilton Re at a competitive disadvantage by exposing its proprietary and trade secret practices to public view

For the reasons stated above, Conseco Life respectfully requests that the Court deny Plaintiffs' Motion.

Date: December 21, 2023

/s/   *Carl C. Scherz*
Carl C. Scherz
James H. Bilton
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
T: (214) 740-8000
F: (214) 740-8800
cscherz@lockelord.com
jbilton@lockelord.com

-and-

P. Russell Perdew
LOCKE LORD LLP
111 S. Wacker Drive, Suite 4100
Chicago, Illinois 60606
T: (312) 443-0700
rperdew@lockelord.com

**ATTORNEYS FOR CONSECO LIFE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

      I certify that on December 21, 2023, I filed this document using the Court's Electronic Case Filing ("ECF") system, which will automatically deliver a notice of electronic filing to counsel of record for all parties, all of whom are registered ECF users. Delivery of the notice of electronic filing constitutes service of this document as contemplated by Rule 5 of the Federal Rules of Civil Procedure. *See* Local Rule 5-4(c)(5).

      /s/   *Carl C. Scherz*
      Carl C. Scherz