UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM JEFFREY BURNETT, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 1:18-cv-00200-JPH-KMB |
| CNO FINANCIAL GROUP, INC., et al., | ) |
| Defendants. | ) |

**ORDER DENYING PLAINTIFFS' MOTION TO REMOVE CONFIDENTIALITY DESIGNATIONS FROM EXPERT REPORTS AND GRANTING PLAINTIFFS' MOTION TO TEMPORARILY MAINTAIN EXPERT REPORTS UNDER SEAL**

Presently pending before the Court are two motions relating to the confidentially of the Plaintiffs' Expert Reports. [Dkts. 411; 420.] For the reasons explained below, the Plaintiffs' Motion to Remove Confidentiality Designations from the Plaintiffs' Expert Reports, [dkt. 411], is **DENIED WITHOUT PREJUDICE**, and the Plaintiffs' Motion to Temporarily Maintain the Plaintiffs' Expert Reports under Seal, [dkt. 420], is **GRANTED**.

## I. BACKGROUND

The Plaintiffs brought this class action lawsuit against Conseco Life Insurance Company, ("Conseco Life") as well as CNO Financial Group, Inc. and CNO Services, LLC (the latter two are collectively the "CNO Defendants"). [Dkt. 108-1.] In 2021, the Court approved a settlement agreement between the Plaintiffs and Conseco Life, and Conseco Life was dismissed from this lawsuit. [Dkt. 237.] The Plaintiffs are now proceeding against the CNO Defendants under a two-part theory. First, they allege that Conseco Life committed breach of contract with respect to certain LifeTrend insurance policies sold to the Plaintiffs. Second, they allege that the CNO Defendants are liable for this breach of contract under a theory of alter ego liability. [Dkt. 108-1.]

In their Motion to Remove Confidentiality Designations from Expert Reports, the Plaintiffs ask that the Court "remove all confidentiality designations for all excerpts, summaries, and descriptions of documents and testimony" contained within the Plaintiffs' seven expert reports. [Dkt. 411 at 1.] Those confidentiality designations were imposed pursuant to the Stipulated Protection Order issued in the MDL predecessor to this case in September 2013. *See In re: Conseco Life Insurance Company LifeTrend Insurance Marketing and Sales Practice Litigation*, MDL No. 3:10-md-2124, dkt. 508 ("Stipulated Protection Order"). The Plaintiffs argue that the documents reproduced or referenced in their expert reports are at least ten years old such that they no longer are confidential since allowing the information to become public would have no impact on Conseco Life's current business. [Dkt. 411 at 2.]

Conseco Life has filed a third-party brief in opposition to this motion in which the CNO Defendants join, arguing that the documents at issue should remain confidential. [Dkts. 414; 415.] In addition to its arguments on the merits, Conseco Life argues that the Plaintiffs' motion is procedurally improper and premature. Specifically, Conseco Life argues that none of the expert reports have been filed in this lawsuit for any purpose and that the Plaintiffs may not preemptively seek permission to file unsealed copies of their expert reports. Instead, Conseco Life argues that the proper course would be for the Plaintiffs to file the expert reports under seal at a time when they become relevant to an issue before the Court, at which point Conseco Life and/or the CNO Defendants could more precisely respond to the balance of interests at stake in potentially allowing this confidential information to become part of the public record. [Dkt. 415 at 3-4.]

In reply, the Plaintiffs argue that there is no reason to wait for summary judgment briefing to rule on this issue. [Dkt. 418.] However, to "assist the Court" in its review of the Motion to Remove Confidentiality Designations "and because neither [Conseco Life] nor [the CNO

Defendants] ha[d] filed the reports with the Court," the Plaintiffs contemporaneously filed the seven expert reports under seal. [Dkts. 419-1 to -7; 420 at 1]. The Plaintiffs also filed a Motion to Temporarily Maintain the Expert Reports under Seal until the Court rules on the underlying Motion to Remove Confidentiality Designations. [Dkt. 420.] This led Conseco Life to file a brief in support of maintaining the expert reports under seal and reiterating that the expert reports had not been submitted in connection with a dispositive motion and thus were not material to any issue before the Court. [Dkt. 421 at 4-6.] In reply, the Plaintiffs stated that they "likely will incorporate the reports into their opposition to [the CNO Defendants'] motion for summary judgment," and that they "should not have to wait until they are in the middle of summary judgment briefing" to raise this issue. [Dkt. 429 at 2.]

In their response in opposition to the CNO Defendants' Motion for Summary Judgment, the Plaintiffs do not cite to any of the sealed expert reports at dkts. 419-1 to -7. [*See generally* dkt. 451.] Instead, Plaintiffs cite to duplicative sealed copies of three of the seven expert reports at dkts. 450-12 to -14, which are subject to the Plaintiffs' separate motion to seal. [*See* dkt. 450 (motion to seal); dkt. 451 at 6, 10, 13, 15-17, 19-20, 22 (response to summary judgment motion) (citing dkts. 450-12 to -14 sealed expert reports).] The expert reports referenced in the Plaintiffs' summary judgment response, which are subject to a separate motion to seal, include Mark Browne's report, Robert Muriel's rebuttal report, and Frederick Heese's rebuttal report. [Dkts. 450-12 to 14.] The pending motions concerning whether these expert reports should remain sealed are now fully briefed and ripe for the Court's review.

## II.  LEGAL STANDARD

When documents are used in a court proceeding to decide the merits of a party's claims, they are presumptively "'open to public inspection unless they meet the definition of trade secret

3

or other categories of bona fide long-term confidentiality.'" *Bond v. Utreras*, 585 F.3d 1061, 1075 (7th Cir. 2009) (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)). A showing of good cause is required to seal any portion of the record of a case from the public. *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999). Good cause to seal confidential information may exist when the confidential material is non-dispositive or where documents contain trade secrets or other categories of sensitive confidential information. *Baxter*, 297 F.3d at 545-46. That said, materials that "'influence or underpin'" a decision by the Court are presumptively open to public inspection. *Bond*, 585 F.3d at 1075 (quoting *Baxter*, 297 F.3d at 545).

Certain categories of information are required to be sealed by statute or are appropriately sealed at the court's discretion. For instance, documents that contain "the name of, or other information relating to" a detainee "shall not be public records." 8 C.F.R. § 236.6. Information regarding an individual's Social Security number or date of birth should be redacted, as may other personal and sensitive information such as information regarding an individual's medical history. *See, e.g.*, Fed. R. Civ. P. 5.2(a); *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (finding that the presumption of public access can be rebutted "if there are compelling reasons of personal privacy"); *United States v. Edwards*, 672 F.2d 1289, 1293 (7th Cir. 1982) (courts may consider whether the information would gratify private spite or promote public scandal); *Doe 1 v. NorthShore Univ. HealthSystem*, 2021 WL 5578790, at *9-10 (N.D. Ill. Nov. 30, 2021) (noting that medical information and other privacy concerns sufficiently overcame the strong presumption of public access).

Courts have further found that it is appropriate in certain circumstances to keep the identity or personal information about law enforcement officials out of the public record, particularly when

a countervailing public interest in disclosure has not been identified. *See Lamb v. Millennium Challenge Corp.*, 334 F. Supp. 3d 204, 216-17 (D.D.C. 2018) (under the Freedom of Information Act, "government investigators and employees 'have a legitimate interest in preserving the secrecy of matters that conceivably could subject them to annoyance or harassment in either their official or private lives'") (quoting *Lesar v. United States Dep't of Justice*, 636 F.2d 472, 487 (D.C. Cir. 1980)).

### III.  DISCUSSION

The Court notes that there are seven pending motions relating to the sealing or unsealing of information encompassed by the Stipulated Protection Order issued in the MDL predecessor to this case in September 2013.  [*See* dkts. 411; 420; 435; 450; 462; 471; 478.]  Five of these motions have become ripe, and the Court will rule on each motion in due course.

At this time, the Court will not issue a final ruling on whether to remove the confidentiality designations from the Plaintiffs' expert reports.  Four of the seven expert reports have not been offered for any substantive purpose in this lawsuit, so ruling on a motion to remove confidentiality designations from those four reports would be premature.  *See Bond*, 858 F.3d at 1074-75 (explaining that the public has a greater interest in viewing documents that are materially relied upon by the litigants than it has in viewing unfiled discovery materials).  Moreover, duplicative sealed copies of the other three expert reports have been filed in opposition to the CNO Defendants' Motion for Summary Judgment and are subject to a separate motion to seal at dkt. 450.

Given this procedural posture, the Plaintiffs' Motion to Remove Confidentiality Designations, dkt. [411], is **DENIED WITHOUT PREJUDICE** as premature, and the Plaintiffs' Motion to Temporarily Maintain the Expert Reports under Seal, [dkt. 420], is **GRANTED**. The **CLERK SHALL** maintain **dkts. 419** and **dkts. 419-1 through 419-7 UNDER SEAL**.

The Court will rule in due course on whether to unseal Mark Browne's expert report, [dkts. 419-1; 450-12], Frederick Heese's rebuttal report, [dkts. 419-5; 450-14], and Robert Muriel's rebuttal report, [dkts. 419-6, 450-13], when it decides Plaintiffs' Motion to Maintain Documents Under Seal, [dkt. 450].  At this time, the Motion to Seal at dkt. 450 remains **UNDER ADVISEMENT**.  The Court will rule on whether the Plaintiffs' other four expert reports should be unsealed if those reports become relevant to a pending issue before the Court.

### IV.  CONCLUSION

For the reasons explained above, the Plaintiffs' Motion to Remove Confidentiality Designations from the Expert Reports, [dkt. 411], is **DENIED WITHOUT PREJUDICE**.  The Plaintiffs' Motion to Temporarily Maintain their Expert Reports under Seal, [dkt. 420], is **GRANTED**.  The motion to seal at dkt. 450 remains **UNDER ADVISEMENT**, and the Court will rule on that pending motion in due course.

So **ORDERED**.

Date: 5/28/2024

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email