UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM JEFFREY BURNETT, JOE H CAMP, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 1:18-cv-00200-JPH-KMB ) |
| CNO FINANCIAL GROUP, INC., CNO SERVICES LLC, | ) ) ) ) |
| Defendants. | ) |

**ORDER GRANTING MOTION TO BIFURCATE AND
SCHEDULING TRIAL SETTINGS**

Defendants CNO Financial Group and CNO Services ("CNO Defendants") have filed a motion to bifurcate the trial with a bench trial on the issue of alter ego liability held before a jury trial on liability for Plaintiffs' breach of contract claims. Dkt. 439. The CNO Defendants argue that bifurcation would prevent prejudice to them, save judicial resources, and respect the jury's time. Dkt. 440 at 6–11. Plaintiffs respond that bifurcation would waste time because there is substantial overlapping evidence between the alter ego and liability determinations. Dkt. 456 at 2–14. Plaintiffs further argue that bifurcation would prejudice them by delaying the proceedings, while a single trial on all issues would result in minimal prejudice to the CNO Defendants. *Id.*

Under Federal Rule of Civil Procedure 42(b), the Court may bifurcate issues for trial "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). "District judges have substantial discretion in administering trials," including in bifurcating issues. *Carter v. City of*

1

*Wauwatosa,* 114 F.4th 866, 879 (7th Cir. 2024); *see EEOC v. Wal-Mart Stores, Inc,* 38 F.4th 651, 659 (7th Cir. 2022) (The Seventh Circuit "will overturn [a bifurcation] decision only upon a clear showing of abuse."). "[T]he district court may order bifurcation" if it would either "prevent prejudice to a party or promote judicial economy . . . as long as doing so will not prejudice the non-moving party or violate the Seventh Amendment" right to a jury trial. *Chlopek v. Fed. Ins. Co.,* 499 F.3d 692, 700 (7th Cir. 2007).

While the CNO Defendants provide compelling reasons to bifurcate, they do not amply support their proposed sequence of holding the bench trial first, or grapple with the principle that "[j]udges usually ought to put jury-trial issues ahead of bench-trial issues because that order is more respectful of constitutional interests." *New West, L.P. v. City of Joliet, Ill.,* 891 F.3d 271, 273 (7th Cir. 2018); *accord Miles v. Indiana,* 387 F.3d 591, 599 (7th Cir. 2004) (recognizing the "settled practice" that "the Seventh Amendment right to a jury trial requires that the legal claims be tried first, to a jury"). Holding the jury trial first would also be more efficient because, in a later bench trial, the Court can consider evidence that had already been presented to the jury. *Whitfield v. Int'l Truck & Engine Corp.,* 755 F.3d 438, 447 n.4 (7th Cir. 2014) (agreeing "that where a case is separated and the same judge presided over both the jury and bench trial, the judge had the discretion to consider the evidence from the bench trial in the jury trial").[1] A jury, by contrast, would receive no benefit

---

[1] The CNO Defendants' only identified "compelling reason to try the alter ego case first" is that it may moot the liability issues. Dkt. 466 at 16. But the same is true of the reverse since a jury verdict in their favor would moot the alter ego issues.

2

from a previous bench trial, forcing the parties to present any overlapping evidence a second time in full. And many of Plaintiffs' arguments against bifurcation would be resolved if the jury trial were done first. *See* dkt. 440. The Court therefore considers bifurcation with the jury trial proceeding first on liability for breach of contract and then a bench trial on alter ego liability, if necessary. *See Int'l Fin. Servs. Corp. v. Chromas Techs. Canada, Inc.*, 356 F.3d 731, 737 (7th Cir. 2004) ("A jury trial does not have to include all or nothing.").

Bifurcation in that manner would not violate the Seventh Amendment right to a jury trial because the alter ego issue is an equitable one to be decided by the Court. *See Chromas Techs.*, 356 F.3d at 736 (explaining that whether alter ego liability must be decided by a jury turns on whether it is equitable under the state law at issue and noting that it's equitable under Delaware law); *Winkler v. V.G. Reed & Sons, Inc.*, 638 N.E.2d 1228, 1234 (Ind. 1994) (alter ego liability is equitable under Indiana law). Plaintiffs do not dispute that alter ego liability is properly determined by the Court, but argue that deciding it before the jury trial would raise "serious Seventh Amendment concerns." Dkt. 456 at 9–10. That concern is resolved by holding the jury trial first; indeed, "the jury's determination of factual issues common to both the legal and equitable claims would bind the court" in the subsequent bench trial. *Chromas Techs.*, 356 F.3d at 735.

Bifurcation will also resolve the CNO Defendants' prejudice concerns with little or no prejudice to Plaintiffs. There should be no reason for the jury to hear evidence of the CNO Defendants' alleged "looting" of Conseco Life or

3

argument that they're "nefarious fraudsters," since those things appear relevant to only the alter ego trial.  *See* dkt. 440 at 11.  To avoid that potential prejudice, and to maximize judicial efficiency while minimizing the burden on a jury, the Court will not try the alter ego issue with an advisory jury, as Plaintiffs request.  *See* dkt. 456 at 11; *Kramer v. Banc of Am. Securities, LLC*, 355 F.3d 961, 968 n.2 (7th Cir. 2004).  Nor have Plaintiffs shown that they'll be substantially prejudiced by bifurcation here.  While they argue that the delay and expense of holding two trials will be "severely prejudic[ial]," dkt. 456 at 11–12, that's speculative because the jury's verdict may make a bench trial unnecessary, *see Volkman v. Ryker*, 736 F.3d 1084, 1089 (7th Cir 2013) ("Not only was [bifurcation] not an abuse of discretion, it was the most efficient way to proceed.").  At the least, any prejudice to Plaintiffs will be minimized by the limiting of evidence to that which is relevant for each trial and by having the jury trial precede a bench trial, should one be needed.  *See id.* ("Not all of these questions fall within the province of the jury.").

The Court therefore **GRANTS** the CNO Defendants' motion to bifurcate to the extent that the jury and bench trials are bifurcated with the jury trial to proceed first.  Dkt. [439].  The CNO Defendants' motion for oral argument on the motion to bifurcate is **DENIED**.  Dkt. [441].  The Court has ample information from the record to make an informed decision on the motion to bifurcate and the Court's ruling on the motion to bifurcate has eliminated the "risk of significant prejudice if the trial is not bifurcated."  *Id.* at 1.

4

For the jury trial, this case is **SCHEDULED** for a final pretrial conference on June 2, 2025, at 1:30 p.m., in Room 329, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana; and jury trial to begin June 16, 2025, at 9:00 a.m., in Room 349, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana.

For the bench trial, this case is **SCHEDULED** for a final pretrial conference on August 12, 2025, at 1:30 p.m. and bench trial to begin on August 25, 2025, at 9:00 a.m., in Room 329, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana.

The parties have also filed three motions to exclude expert testimony. Dkt. 467; dkt. 468; dkt. 475. They dispute, however, how much of that testimony relates only to the alter ego issue. *See* dkt. 440 at 9; dkt. 456 at 4–5. Counsel **SHALL FILE** a joint statement **by December 12, 2024**, identifying the contested issues that relate solely to alter ego liability. *See Kansas City S. Ry. Co. v. Sny Island Levee Drainage Dist.*, 831 F.3d 892, 900 (7th Cir. 2016) (When "a trial judge conducts a bench trial, the judge need not conduct a *Daubert* (or Rule 702) analysis before presentation of the evidence, even though he must determine admissibility at some point.").

**SO ORDERED.**

Date: 11/12/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel