UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM JEFFREY BURNETT, JOE H CAMP, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 1:18-cv-00200-JPH-KMB ) |
| CNO FINANCIAL GROUP, INC., CNO SERVICES LLC, | ) ) ) ) |
| Defendants. | ) |

**ORDER ON PLAINTIFFS' "SHOCK LAPSE" EVIDENCE**

The Court's order in limine prohibited Plaintiffs from presenting "evidence of Conseco's 'shock lapse' without first seeking permission from the Court outside the presence of the jury." Dkt. 604 at 11–13 (applying Rule 403 balancing). That order allowed Plaintiffs to file a pretrial brief addressing the probative value and risk of prejudice from that evidence, *id.* at 13, and they have done so, dkt. 611.

In response to the Court's concerns expressed in that order and at the final pretrial conference, Plaintiffs agree to limit their use of "shock lapse" evidence. Specifically, Plaintiff agree that they will:

- Not argue that there was a "shock lapse strategy";
- Not attack Conseco's motive or intent behind the changes to the LifeTrend policies;
- Present evidence and argument about "shock lapse" in a "non-inflammatory way" without "accusations of malicious intent";

1

- "[R]efrain from referring to 'shock lapse' as a 'strategy or goal'";

- Present only "brief" testimony about "shock lapse"; and

- Limit their presentation at trial about "shock lapse" to "merely refer to the objective facts about increased surrender rates and policy values."

Dkt. 611 at 15-16.

These limitations on Plaintiffs' use of "shock lapse" evidence substantially mitigate the Court's concern about the risk of unfair prejudice and misleading the jury under Rule 403. *See Smith v. Hunt*, 707 F.3d 803, 809 (7th Cir. 2013) ("Because all probative evidence is to some extent prejudicial, we have consistently emphasized that Rule 403 balancing turns on whether the prejudice is unfair. We have previously found evidence unfairly prejudicial, for example, where it was significantly more inflammatory than other evidentiary alternatives . . . or where the contested evidence conveyed a false or misleading impression to the jury.").

Plaintiffs have also explained the probative value of "shock lapse" evidence to the issues of causation and damages. They identify three types of "shock lapse" evidence that they wish to introduce at trial: (1) evidence that "shock lapse" is a fundamental concept in the insurance industry and that estimating lapse rates is standard practice, *id.* at 2–4; (2) evidence that Conseco estimated an increase in surrender rates, *id.* at 4–7; and (3) evidence that there was an actual increase in policy surrender rates from approximately

2.1% annually to approximately 35% after the changes to LifeTrend Policies at issue in this case were implemented, *id.* at 7–9.

1. <u>Evidence of Industry Practice and Conseco's estimated increased surrender rates</u>

Plaintiffs have provided additional context about the concept of shock lapse in the insurance industry, how insurance companies estimate the effects that administrative changes would have on policy surrender rates, and Conseco's estimated lapse rates that would result from its changes to the Policies. *See id.* at 2–7. To show proximate cause at trial, Plaintiffs must show that the policy surrenders and any resulting money damages were "a natural, probable, and foreseeable result of the conduct." Dkt. 571 at 6 (agreed final jury instruction); *see Control Techniques, Inc. v. Johnson*, 762 N.E.2d 104, 108 (Ind. 2002) ("Whether or not proximate cause exists is primarily a question of foreseeability."); *WESCO Distr., Inc. v. ArcelorMittor Ind. Harbor LLC*, 23 N.E.3d 682, 709 (Ind. Ct. App. 2014). That inquiry is objective, so "the determination of what is reasonably foreseeable is not judged by the subjective opinions of those involved." *Arnold v. F.J. Hab, Inc.*, 745 N.E. 2d 912, 917 (Ind. Ct. App. 2001). But Indiana courts have allowed foreseeability to the defendant to play some role in the proximate-cause inquiry. *See id.* at 918; *Johnson*, 762 N.E.2d at 108.

Limited evidence about how insurance companies estimate lapse rates and Conseco's own lapse estimates therefore has some probative value to proximate cause. *See* dkt. 611 at 10–13. Given Plaintiffs' agreed limitations

3

regarding the use of "shock lapse" evidence, the probative value of this evidence is not substantially outweighed by the dangers of unfair prejudice, confusing the issues, and misleading the jury under Rule 403.

2. <u>Evidence of actual increase in policy surrender rates</u>

Plaintiffs explain that evidence of actual increased policy surrender rates is a critical component of Dr. Browne's causation and damages methodology and opinions. Dkt. 611 at 7-9. Evidence of actual increased policy surrender rates in the context of Dr. Browne's causation and damages methodology and opinions therefore has substantial probative value. Given Plaintiffs' agreed limitations regarding the use of "shock lapse" evidence, the probative value of evidence of actual increased policy surrender rates in the context of Dr. Browne's causation and damages methodology and opinions is not substantially outweighed by the dangers of unfair prejudice under Rule 403.

In sum:

- Plaintiffs **may not** refer to or present evidence of any plan, intent, motivation, goal, or strategy to drive policy surrenders through a "shock lapse strategy."

- Plaintiffs **may present** limited evidence of standard industry practices and the estimated and actual LifeTrend surrender rates.

- The Court will not require any mention of "shock lapse" to be scrubbed from otherwise relevant evidence. *See* dkt. 611 at 15 (citing exhibits on the CNO Defendants' witness list that mention shock lapse).

No party shall reference or attempt to elicit evidence that has been provisionally excluded by this order without first seeking permission from the Court outside the presence of the jury.  Each party **shall ensure** its witnesses' compliance with this order.  Finally, Defendants may ask the Court to give a limiting instruction to the jury on the limited permissible uses of "shock lapse" evidence when such evidence is first admitted and/or in final instructions.  In the absence of Defendants' request, the Court will not give a limiting instruction.

An updated table summarizing the motions and rulings in limine is **attached as Appendix A**.

**SO ORDERED.**

Date: 6/11/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel

**UPDATED APPENDIX A—TABLE OF MOTIONS AND RULINGS**

| Plaintiffs' Motions in Limine | | |
|---|---|---|
| # | Motion | Ruling |
| 1 | Setoff Issues | Granted |
| 2 | Undisclosed Expert Opinions | Grant in part |
| 3 | Settlement Negotiations | Granted |
| 4 | Date Plaintiffs Retained Counsel | Granted |
| 5 | References to Motions in Limine | Granted |
| 6 | Financial Hardship or Effect on the Insurance Industry | Granted |
| 7 | Alter Ego Liability/Empty Chair Defense | Granted |
| 8 | Class Representative Fee Payments | Granted |
| 9 | Testimony of Mary Jo Hudson | Granted, including most RSA evidence |

| CNO Defendants' Motions in Limine | | |
|---|---|---|
| # | Motion | Ruling |
| 1 | Evidence Exclusive to Breach | Granted, including as to "shock lapse" intent, motivation, or strategy |
| 2 | Pre-Sale and Point-of-Sale Representations | Granted |
| 3 | Terms "Vanishing Premium" and "5-Pay" | Denied |
| 4 | Evidence Related to Other Policyholders | Granted in part |
| 5 | Dr. Browne's Damages Testimony | Denied |
| 6 | References to Class Size or Composition | Granted |
| 7 | Alter Ego Liability | Granted |
| 8 | Affiliate Payments and Statutory Accounting | Granted |
| 9 | Conseco Inc.'s Bankruptcy | Granted in part |
| 10 | Sale to Wilton Re | Granted |
| 11 | Bifurcated Trial | Granted |
| 12 | Brady MDL and Other Lawsuits | Granted in part |
| 13 | Settlement Negotiations | Granted |
| 14 | Claims Resolved at Summary Judgment | Granted |
| 15 | Motion to Dismiss Rulings | Granted |
| 16 | Summary Judgment Ruling | Granted |
| 17 | "Golden Rule" Argument | Granted |
| 18 | "David and Goliath" Evidence | Granted |
| 19 | Plaintiffs' Emotional Distress | Granted in part |
| 20 | Compensation and Net Worth | Granted |
| 21 | Negative Publicity or Controversies | Granted |
| 22 | Out of Town Attorneys | Granted |
| 23 | Witnesses or Evidence Not Presented | Granted |
| 24 | References to Motions in Limine | Granted |